# EXHIBIT 7

# In Defense of The Central Park 5 Prosecution

New York Law Journal (Online)

July 31, 2018 Tuesday

Copyright 2018 ALM Media Properties, LLC All Rights Reserved Further duplication without permission is prohibited

**New York Law Journal**

**Length:** 626 words

## Body

I am writing in response to the *letter by Eric Seiff* concerning the new website posted by the Law Department of the City of New York concerning the case involving the "Central Park Five"-one of whom was Mr. Seiff's client at trial.

*I was quoted in last week's NYLJ* as saying that the evidence coming online for the first time-with much more being added throughout the fall-will change the narrative of the case as the public knows it now.Mr. Seiff took the opportunity, instead of addressing the new evidence, to launch an ad hominem attack on me.  As he knows well, I was not the prosecutor in the case nor was I one of the detectives or prosecutors who took the confessions from the 5.  Instead, I was an eyewitness to many of the events at the police stationhouses throughout 36 hours when the statements were obtained.  There is a cadre of individuals-two prosecutors, many detectives (including an African-American detective who made the first five arrests-at and in Central Park), several of the victims, two physicians who treated the female joggers-none of whom have spoken publicly before and who back my statement that the newly-released information offers scores of new facts.  And yet Mr. Seiff takes the low road and goes personal.The confessions were not coerced.  There were weeks of a Huntley hearing in which the voluntariness of the statements was explored, and in a 160-page opinion by Judge Galligan, all were ruled admissible (that decision, which lays out facts and a timetable, will be available this month).  Now, for the first time, every reader of this paper can watch the videos online, on the city's website.  Five of them were made by four of the five defendants convicted of the crimes in the park.  All-except Mr. Seiff's client Kharey Wise, who was already 16 years old-were questioned in the presence of at least one parent and in some instances both parents.  The questioning was respectful, dignified, carried out according to the letter of the law and with sensitivity to the young age of the men.Each of the accused corrects the prosecutor, who isn't even certain of the facts because the victims had not yet been interviewed.  Then watch the other four videos-new to the public-the kids questioned by the same people (but somehow not 'coerced'!)-who name each of the 5 as participants in the riot, rampage, vicious attacks on civilians and some in the rape of the jogger.  If you spot the first sign of a coercive questioning, don't hesitate to write to me and point it out.Seiff's second paragraph is entirely misleading.  The prosecutors didn't 'correct' any confessions.  Matias Reyes' other assaults were not committed in the 'same community'-these attacks of April 19 happened within Central Park-not in the residential neighborhood where Reyes raped and killed a woman in the presence of her three children.  Two juries heard that the DNA in and on the jogger's body was not from any of the 5-and still they convicted on the theory that the missing attacker, who had run with the crowd of 32 young men who rioted in the park, had not yet been caught.  There was no CODIS system of identifying blind samples of DNA evidence at that time-not for another decade-so the false blame Seiff dumps on investigators is ridiculous.I hope your readers will return to the website to get the facts as they are uploaded throughout the fall.  They include hundreds of pages of transcripts made public for the first time, including 96 depositions of witnesses-taken under seal-so not even Mr. Seiff knows the information contained within them.  Although he seems unable to keep an open mind, I am sure most of your readers can do so. Linda Fairstein headed the Manhattan District Attorney's Office's sex crimes unit until 2002.

**Load-Date:** May 18, 2019