# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN E. REID AND ASSOCIATES, INC., )
Plaintiff, )
vs. ) No. 19 C 6781
NETFLIX, INC., et al., ) Chicago, Illinois
) January 7, 2020
Defendants. ) 9:48 o'clock a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MANISH S. SHAH

APPEARANCES:

For the Plaintiff: COZEN O'CONNOR
BY: MR. JACK J. CARRIGLIO
MR. COREY T. HICKMAN
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100

For the Defendants: DENTONS U.S., L.L.P.
BY: MS. NATALIE J. SPEARS
MS. JACQUELINE A. GIANNINI
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
(312) 876-8000

COLLEEN M. CONWAY, CSR, RMR, CRR
Official Court Reporter
219 South Dearborn Street, Room 1918
Chicago, Illinois 60604
(312) 435-5594
*colleen_conway@ilnd.uscourts.gov*

(Proceedings heard in open court:)

THE CLERK: 19 C 6781, John Reid And Associates versus Netflix.

MR. CARRIGLIO: Good morning, Your Honor. Jack Carriglio for John Reid And Associates.

MR. HICKMAN: Good morning, Your Honor. Corey Hickman for the plaintiff as well.

MS. SPEARS: Good morning, Your Honor. Natalie Spears and Jacqui Giannini from Dentons on behalf of defendants.

THE COURT: Okay. Good morning.

So I have the motion for jurisdictional discovery. I saw the response.

Do you want to say anything in reply?

MR. CARRIGLIO: I saw the response, too. Sure. Just briefly, Judge.

We filed a motion for jurisdictional discovery, and we meant what we said. It's in an abundance of caution to add some information on to the allegations we've already made about the targeting of Reid by Ms. DuVernay here in Illinois.

I looked at the response, and the response is, basically, so what? So what if she targeted? So what if she intended the harm to be inflicted here on Reid in Illinois? Discovery wouldn't do us any good because we'd have to be able to show either that she came to Illinois or that she controlled

the distribution in Illinois.

And then they cite a number of cases that are non-defamation cases in support of that. We've looked again at the cases, Judge, including the ones that we've cited, starting with *Calder*, the Supreme Court case, which was a defamation case against the National Enquirer. We're an editor who had never been to California, but who was found to have targeted the plaintiff there in the article, in the offensive article. The Supreme Court held that jurisdiction over that editor was appropriate.

We've looked at *Walden*, a non-defamation case; *INSTAR* , another non-defamation case. All those cases and their discussions carve out a niche for defamation because of the unique nature of the offense; that it actually -- the tort here actually occurred in Illinois when the disparaging and false article was read by third parties, by Reid's customers, here in the home state of Reid.

They've also cited one of your own cases, Your Honor, the *Intelius* case, not a defamation case, where you did not find that personal jurisdiction existed, but I believe in that case, you pointed out: Well, nobody made any allegations about targeting or anything like that.

We don't make our allegations in a vacuum, Judge. We show within the context of this program that Ms. DuVernay was on a mission to assign blame, to hold people accountable, and

one of the people she targeted was Reid.

And that's why we made the allegations that we did. We can color them up with some more information that we think we could get rather quickly, and have a brief deposition with Ms. DuVernay to show that she did, indeed, target. And they didn't deny it in her declaration, so it stands uncontroverted.

THE COURT: May I interrupt with a question?

MR. CARRIGLIO: Yeah.

THE COURT: Do you agree that if Netflix's substantive motion to dismiss is successful that those theories would equally apply to the substantive theories you're lodging against the remaining defendants?

MR. CARRIGLIO: Well, I -- as I understand what --

THE COURT: And keep in mind that I am asking these questions solely with the eye towards should jurisdictional discovery be authorized --

MR. CARRIGLIO: Right.

THE COURT: -- at this moment.

MR. CARRIGLIO: Yeah, I -- I get it, that what I believe they said in their response was that why don't we hold off on this until you decide the motion to dismiss for failure to state a claim. Even though that is Netflix's motion, they add DuVernay in just in case there is jurisdiction over her.

Is that going to harm us if we wait to decide the jurisdiction on DuVernay or jurisdictional discovery on

DuVernay until after we've ventilated the Netflix motion? No, I can't say that it will. And we will be responding to the Netflix motion. We believe Your Honor will be denying that motion. But we're willing to see that through.

But I did feel compelled to bring this motion to air it out and show that there's no doubt that she targeted, and that targeting in the manner that it was done here is sufficient to confer jurisdiction.

There is also this --

THE COURT: Okay. Well, let me --

MR. CARRIGLIO: Yeah, yeah.

THE COURT: Then let me just cut us short, then.

The motion for jurisdictional discovery is denied. If I conclude that what's alleged in the complaint is sufficient, then you don't need jurisdictional discovery.

If I conclude that what's alleged in the complaint isn't sufficient, discovery still might not be warranted because the question would -- is really whether you have a colorable or *prima facie* case for personal jurisdiction, and that showing should be met before jurisdictional discovery is permitted.

The requested discovery, what you've articulated as what you're asking for, is overbroad. I mean, all communications about Reid is not narrowly targeted to issues of targeting or personal jurisdiction. The identity of the Array

entity that's referenced in the credits is not a fact that goes to whether the named defendant targeted Illinois through its tortious conduct and such that there's personal jurisdiction over the named defendant.

And jurisdictional discovery at this moment would be unduly burdensome when there's a substantive motion to dismiss that's pending.

And I still haven't resolved the threshold question of personal jurisdiction, which is whether you have a colorable or *prima facie* case. And I'll give you an opportunity to make that argument. The briefing schedule that we have in place anticipated you making a substantive response to the motion to dismiss for lack of personal jurisdiction on the same schedule as your response for the Netflix motion.

And so I'll give you the opportunity to make any other arguments you want to make; including if you want to submit any declarations or affidavits in response to the declarations that they're submitting, we can do that.

And I should note that this doesn't mean that I am necessarily accepting Ms. DuVernay's declaration for the truth of the matters asserted. And if there's material dispute of facts that go to issues of personal jurisdiction, then we should have an evidentiary hearing and not resolve that just on the papers.

But for now, the question is whether plaintiff has

raised a colorable or *prima facie* case for personal jurisdiction, and you don't need discovery to do that. And the underlying premise of all of this is that you should conduct a pre-suit investigation to warrant haling people into court, and we can get to the bottom of all that through the briefing that we've already got in place.

And so the motion for jurisdictional discovery is denied. Things may change if how I resolve the merits of the motion to dismiss for personal jurisdiction might lead us to think there are some facts in dispute and we need to get to the bottom of those facts, and I'll be sure to give everybody the appropriate tools that they would need to flesh those facts out if a factual dispute is necessary to resolve.

MR. CARRIGLIO: Judge, may I just -- so I'll -- we'll be responding to both motions. And I hear your ruling on the -- you know, on the jurisdictional discovery, at least certainly for now.

Could we have until Wednesday to file these responses, Judge?

THE COURT: Yes.

MR. CARRIGLIO: I could use a few extra days.

THE COURT: The next thing on my agenda was to confirm the briefing schedule and whether you can meet it as currently set or if we need to make any adjustments.

MR. CARRIGLIO: A few more days would help.

THE COURT: So you're asking now for January 15th to respond to the motions?

MR. CARRIGLIO: Yes.

THE COURT: Is that right? And then how much time would the defendants like to reply?

MS. SPEARS: I don't recall the date that we had before.

MR. CARRIGLIO: You had January 31st before.

MS. SPEARS: We had January 31st? If we could just get commensurate time after that? What would --

THE COURT: So it'd be February 5th.

MS. SPEARS: What would that come to?

THE COURT: It's a three-week --

MS. SPEARS: February 5th? Is that -- could we just add two days to that, to February 7th?

THE COURT: Sure.

MS. SPEARS: And I have one other housekeeping matter, if I may?

THE COURT: Yeah.

MS. SPEARS: The status is set for February 20th, and I have an oral argument in the Second Circuit in New York on that date, which I didn't realize when it was originally set. Otherwise, I would have raised it. But if we could push that to the following week, I would greatly appreciate it.

THE COURT: In light of the adjustment that we've

made in the briefing schedule, what I'd like to do is move our status to the first week in March.

THE CLERK: Everyone, how does Thursday, March 5th at 9:30 work for you?

MS. SPEARS: Fine.

MR. CARRIGLIO: That's fine.

MS. SPEARS: Thank you.

THE COURT: Is there anything else we should cover this morning?

MR. CARRIGLIO: I don't think so, Judge.

THE COURT: Thank you.

MS. SPEARS: Thank you very much.

MS. GIANNINI: Thank you.

MR. CARRIGLIO: Thank you.

(Proceedings concluded.)

C E R T I F I C A T E

I, Colleen M. Conway, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the HONORABLE MANISH S. SHAH, one of the Judges of said Court, at Chicago, Illinois, on January 7, 2020.

*/s/ Colleen M. Conway, CSR, RMR, CRR* *05/20/20*

Official Court Reporter Date
United States District Court
Northern District of Illinois
Eastern Division