IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA FAIRSTEIN,                    )
                                    )
            Plaintiff,              )       Case No: 2:20-cv-180
                                    )
    v.                              )
                                    )
NETFLIX, INC., AVA DUVERNAY,        )
and ATTICA LOCKE,                   )
                                    )
                                    )
            Defendants.             )

## CASE MANAGEMENT REPORT[1]

The parties agree to these dates and discovery plan under Federal Rule of Civil Procedure 26 and Local Rule 3.05:

The parties have conferred and have agreed to extend the deadlines for service of initial disclosures, the completion of discovery and, ultimately trial given that Defendants have pending motions to dismiss including challenges to personal jurisdiction by the individual defendants and venue, which Plaintiff has opposed.   Specifically, the following two motions are pending: (1) Motion by Individual Defendants Ava DuVernay ("DuVernay") and Attica Locke ("Locke") to Dismiss for Lack of Personal Jurisdiction (12(b)(1)) or, In the Alternative, Joint Motion with Defendant Netflix, Inc. ("Netflix") to Dismiss for Improper Venue (12(b)(3)), or Transfer to the Southern District of New York ("SDNY") (28 U.S.C. 1404) (ECF No. 26); and (2) Motion to Dismiss for Failure to State a Claim filed by Defendant Netflix (ECF No. 28).   Ms. DuVernay and Ms. Locke have, alternatively, joined Netflix's motion in the event that their motion to dismiss for lack of

---

[1]  The Court is not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

personal jurisdiction is denied.   Plaintiff has opposed both motions (ECF Nos. 41 and 45).[2]   The parties recognize that until Ms. Locke and Ms. DuVernay's motion as to personal jurisdiction is decided, they are not required to participate in discovery; and in the event, the case were transferred to the SDNY that court would require its own protocols and scheduling order.

In light of the pending motions to dismiss, the parties have agreed not to issue discovery until the motions are decided.   The parties wish to discuss with the Court at the pre-trial conference whether a formal stay of discovery is preferred by the Court. The below proposed dates are intended to provide the parties with sufficient time to engage in discovery after the Court rules on the pending motions.

| DEADLINE | AGREED DATE |
|---|---|
| **Corporate Disclosure Statements** <br> [Due immediately upon each party's first appearance] | Plaintiff filed on N/A <br> Defendant filed on 5/7/2020 |
| **Rule 26(a)(1) Initial Disclosures** <br> [Due 14 days after Rule 26(f) conference] | ☐  Exchanged <br> ☒  To be exchanged within 14 days of Court's ruling on Pending Motions |
| **Motions to Add Parties or Amend Pleadings** <br> [Court recommends 1 to 2 months after the Rule 26(f) conference] | 9/24/2020 |
| **Disclosure of Expert Reports** <br> [Court recommends the last disclosure to occur 1 to 2 months before the discovery deadline] | Plaintiff:   10/15/2021 <br> Defendant (includes rebuttal):   11/15/2021 <br> Plaintiff Rebuttal: 12/15/2021 |

---

2  Defendants' motions to dismiss/transfer will collectively be referred to herein as the "Pending Motions."

| DEADLINE | AGREED DATE |
|---|---|
| **Discovery**<br><br>[Court recommends 6 to 8 months before the trial term so it can decide dispositive motions] | January 14, 2022 |
| **Dispositive and *Daubert* Motions**<br><br>[Court recommends at least 4 months before the meeting to prepare the joint final pretrial statement] | February 15, 2022 |
| **Meeting in Person to Prepare Joint Final Pretrial Statement**<br><br>[Court recommends 1 month before the Final Pretrial Conference] | May 16, 2022 |
| **Motions in Limine**<br><br>[Court recommends 3 days before the deadline for Joint Final Pretrial Statement and Trial Briefs] | June 11, 2022 |
| **Joint Final Pretrial Statement and Trial Briefs**<br><br>[Court recommends 3 weeks before the Final Pretrial Conference] | June 14, 2022 |
| **Final Pretrial Conference** | June 24, 2022 |
| **Monthly Trial Term**<br><br>[Cases are scheduled for a monthly trial term—not a specific date.   The Court recommends 20 to 22 months after the case is filed or removed] | July 5, 2022 |
| **Estimated Length of Trial** | 10      (minimum 7-10 days) |
| **Jury or Non-Jury** | Jury |

| DEADLINE | AGREED DATE |
|---|---|
| **Mediation**<br><br>[Court recommends mediation after the discovery deadline but before dispositive motions] | Deadline: January 31, 2022<br><br>Mediator to be decided between the parties at a later date. |
| **Settlement** | ☐ Likely<br>☒ Unlikely |
| **All Parties Consent to the Assigned Magistrate Judge**[3] | ☐ For all purposes including trial<br><br>☐ For some purposes like class certification, summary judgment, or motions for a final order or judgment (please list)<br><br>☒ For no other purpose beyond authority granted by statute, rule, and referral |
| **All Parties Request a Settlement Conference with a Magistrate Judge** | ☐ Yes<br>☒ No<br>☐ Likely to Request in Future |
| **Related Case Notice Completed and Attached** (Attachment A and available on the assigned district judge's website) | ☒ Yes |

## A.  Preliminary Pretrial Conferences

**For cases assigned to United States District Judge Sheri Polster Chappell**, the assigned Magistrate Judge will hold a preliminary pretrial conference ("PPTC") in most cases after the parties file this Case Management Report.   The parties should expect to discuss these topics at the PPTC:   the facts, unique issues anticipated by counsel, the Court's case management practices and procedures, deadlines to govern the case, prospects of settlement, pending motions, scope of discovery, need for expert witnesses, length of trial, and calendar conflicts.   Unresolved issues to discuss at the PPTC include:
N/A

_____

_____

_____

---

[3] If the parties wish to voluntarily consent to the assigned Magistrate Judge, they must sign and file either the AO Form 85 (consent for all purposes including trial) or AO Form85A (consent for some purpose like a specific motion) found on the Court's website.

After the PPTC, the assigned Magistrate Judge will issue a Case Management and Scheduling Order to govern the case.

**For cases assigned to United States District Judge Thomas Barber and Senior United States District Judge John E. Steele**, a preliminary pretrial conference is mandatory only in Track Three cases.   The Court will consider a request to re-track a Track Two case to a Track Three case only after a class is certified and/or motions to dismiss have been decided in complex actions.   For Track Two cases, Judges Barber and Steele will issue Case Management and Scheduling Orders after the parties file a Case Management Report.

*Defendants' Position:*   If any claims remain in this Court after a ruling on Defendants' motions to dismiss, Defendants intend to request, pursuant to this Court's local rules, to re-track this case to a "Track Three" case, given that discovery, including discovery from third-parties, many of whom are located outside of Florida, could be extensive.

*Plaintiff's Position*: Plaintiff would oppose any request to re-track this case to Track Three because this is not a complex case as defined in Local Rule 3.05. Nor is it a case that warrants "heightened judicial attention or expedited treatment" as set forth in Local Rule 3.05.

## B.  Discovery

The parties must **jointly** file—along with this Case Management Report and Related Case Notice—the "Pretrial & Discovery Plan" found on the assigned Magistrate Judge's website.   The Pretrial & Discovery Plan, Case Management Report, and Related Case Notice must be filed as **three separate docket entries**.   The parties must also follow the Discovery Handbook for the Middle District of Florida available on the Court's website.

## C.  Mediation

Without mandatory arbitration or a Court order otherwise, the parties in every case **must** participate in mediation.   The parties must select a mediator from the Court's approved list of mediators found on its website.

Date:   <u>July 27, 2020</u>

Signature of Counsel (per Local Rule 1.05) and Unrepresented Parties:

By: /s/   KIMBERLY D. SWANSON

**CHEFFY PASSIDOMO, P.A.**
Edward K. Cheffy
Florida Bar No. 393649
Rachael S. Loukonen
Florida Bar No. 668435
Kimberly D. Swanson
Florida Bar No. 1018219
821 Fifth Avenue South
Naples, FL 34102
(239) 261-9300
ekcheffy@napleslaw.com
rloukonen@napleslaw.com
kdswanson@napleslaw.com

*Attorneys for Linda Fairstein*

and,

**NESENOFF & MILTENBERG, LLP**
Andrew T. Miltenberg
Kara L. Gorycki
Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
kgorycki@nmllplaw.com
*Admitted Pro Hac Vice*

*Attorneys for Linda Fairstein*

By: /s/ KELLEY GERAGHTY PRICE

**DENTONS COHEN & GRIGSBY P.C.**
Kelley Geraghty Price
Florida Bar No. 889539
Mercato – Suite 6200
9110 Strada Place
Naples, FL 34108
(239)390-1913
kelley.price@dentons.com
eric.olson@dentons.com

*Attorneys for Netflix, Inc., Ava Duvernay and Attica Locke*

and,

**DENTONS US LLP**
Natalie J. Spears
Gregory R. Naron
Jacqueline A. Giannini
233 South Wacker Dr., Suite 5900
Chicago, IL 60606
(312)876-8000
natalie.spears@dentons.com
gregory.naron@dentons.com
jacqui.giannini@dentons.com
*Admitted Pro Hac Vice*

*Attorneys for Netflix, Inc., Ava Duvernay and Attica Locke*

and,

**DENTONS US LLP**
Kiran Patel
1221 Avenue of the Americas
New York, NY 10020
(212) 768-6700
kiran.patel@dentons.com
*Admitted Pro Hac Vice*

*Attorneys for Netflix, Inc., Ava Duvernay and Attica Locke*