# EXHIBIT 1

大成 DENTONS

**Natalie J. Spears**
natalie.spears@dentons.com
D   +1 312-876-2556

Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6361
United States

dentons.com

May 4, 2020

BY E-MAIL (amiltenberg@nmllplaw.com)

Andrew Miltenberg
NESENFOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001

Re:     Fairstein v. Netflix, Inc. et al., No. 2:20-cv-00180 (M.D. Fla.)

Dear Andrew:

I tried to reach you by phone several times this past week, unfortunately without success.  (I called you right back after you return my call Wednesday, but did not hear back from you then or in response to the other voicemails I left on Thursday and Friday.)  While I had hoped to speak first, in the interest of time, I am writing you now and am available this week to discuss.  I write on a preliminary, but important matter in connection with the lawsuit filed by Ms. Fairstein in the Middle District of Florida.  We do not believe this case is properly venued in Florida for a host a reasons, including not only the fact that all of the substantial events related to this action took place in New York and critical witnesses are located in New York, but on top of that Ms. Fairstein's connection to Florida is tenuous.

Public records show, among other things, that Ms. Fairstein only recently purchased property in Florida and still owns a significant home in New York City, where she has lived for many decades.  When did Ms. Fairstein become a "resident" of Florida as alleged in the Complaint?  Is she a full-time, year-round resident of Florida, or does she reside in New York (or another state) for portions of the year?  For example, did she reside in New York at any time in 2019 or 2020?  The Complaint is silent on these issues.  (Compl., Par 22.)  Since these are simple questions and relate to the threshold issue of venue, we ask that you please provide us this information by this Wednesday, May 6, 2020.

Relatedly, please let us know if your client would agree to transfer this action to the Southern District of New York.  As noted, we believe that venue is improper in Florida and that, otherwise, a transfer is warranted under the circumstances under 28 USC 1404.  Your agreement to transfer the action will save both parties the time and expense of having to litigate this issue.

I look forward to hearing from you.

Sincerely,

Natalie J. Spears

cc: Ed Cheffy, Kelley Price

**Lee International ► Kensington Swan ► Bingham Greenebaum ► Cohen & Grigsby ► Sayarh & Menjra ► Larraín Rencoret ► Hamilton Harrison & Mathews ► Mardemootoo Balgobin ► HPRP ► Zain & Co. ► Delany Law ► Dinner Martin ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**